**UNITED STATES DISTRICT COURT**                                    JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 18-3351-JFW(FFMx)**                    Date:  August 23, 2018

Title:       Edward Feinstein -*v*- Four Seasons Hotels Limited

═══════════════════════════════════════════════════════════

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                              **None Present**
    **Courtroom Deputy**                        **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
      None                                                    None

**PROCEEDINGS (IN CHAMBERS):**         **ORDER GRANTING DEFENDANT'S MOTION TO**
                                       **DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
                                       **PURSUANT TO FRCP 12(b)(1), (b)(2) AND (b)(6) [filed**
                                       **7/26/18; Docket No. 43]**

    On July 26, 2018, Defendant Four Seasons Hotels Limited ("Four Seasons") filed a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(1), (b)(2) and (b)(6) ("Motion").  On August 6, 2018, Plaintiff Edward Feinstein ("Feinstein") filed his Opposition.  On August 13, 2018, August 13, 2018 filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 27, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

    In his First Amended Complaint[1], Feinstein alleges he is a long-time customer of Four Seasons, which "owns or manages hotel properties located in California, various states throughout

─────────────────────

    [1]  Feinstein's First Amended Complaint, filed on June 12, 2018, alleges the following state law claims for relief: (1) violation of California Civil Code § 1798.81.5(b); (2) violation of California Civil Code § 1798.81.5(c); (3) California Civil Code § 1798.82; (4) breach of contract; (5) breach of the covenant of good faith and fair dealing; and (6) violation of California Business & Professions Code § 17200.

Initials of Deputy Clerk _sr_

the country, and other locations around the world."[2]  First Amended Complaint ("FAC"), ¶ 1.  As a long-time customer of Four Seasons, Plaintiff alleges that he has provided certain personal identifying information, such as his full name, credit and debt card numbers, car expiration dates, card verification codes, email addresses, phone numbers, and addresses, "that Four Seasons requires [consumers] to divulge in order to reserve a hotel room."  *Id.*, ¶ 3.  Plaintiff alleges that his "debit and credit card information was accessed by hackers" which "has placed him at imminent, immediate and continuing risk of further identity theft-related harm."  *Id.*, ¶ 7.  However, Feinstein does not allege that he provided his personal identifying information directly to Four Seasons or that Four Seasons' systems were hacked.  Instead, Plaintiff alleges that there was a criminal attack on third party Sabre Inc.'s ("Sabre") SynXis Central Reservation System ("SynXis CRS"), which "is an electronic booking platform that facilitates the booking of hotel reservations made by consumers through hotels, online travel agencies, and similar booking services," during "the period between August 10, 2016 and March 9, 2017" (the "Sabre Incident").[3]  *Id.*, ¶¶ 2 and 4.  In addition, Feinstein does not allege that he suffered any actual harm as a result of the attack on Sabre and has filed this action based solely on his alleged risk of future harm.

## II.   Legal Standard

### A.    Rule 12(b)(1)

The party mounting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual").  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true.  *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment.  It also need not presume the truthfulness of the plaintiff['s] allegations."  *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . '[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977)).  "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional

---

[2]  Feinstein alleges that Four Seasons owns or manages "115 properties all over the world," with "[s]even of those hotels . . . located in the State of California."  *Id.*

[3]  Feinstein alleges that the 'vast majority" of consumers that book hotel rooms with Four Seasons "do so, unbeknownst to them" using SynXis CRS.  FAC, ¶ 2.

Initials of Deputy Clerk  _sr_

determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983).  It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

### B.    Rule 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may decide a question of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or may hold an evidentiary hearing on the matter.  *See* 5A Wright & Miller, Federal Practice and Procedure, § 1351, at pp. 253-59 and n. 31-35 (2d ed. 1990); *Rose v. Granite City Police Dept.*, 813 F. Supp. 319, 321 (E.D. Pa. 1993).  Whichever procedure is used, plaintiff bears the burden of establishing that jurisdiction is proper.  *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).  In this case, the pleadings, declarations and documentary evidence submitted by the parties provide an adequate basis for evaluating jurisdiction.  Accordingly, no evidentiary hearing is necessary.

Because this matter is being decided on the basis of affidavits and documentary evidence, Plaintiffs need only make a prima facie showing of personal jurisdiction. *See Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). All allegations in Plaintiffs' complaint must be taken as true, to the extent not controverted by Defendant's affidavits, and all conflicts in the evidence must be resolved in their favor.  *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).  If Plaintiffs' evidence constitutes a prima facie showing, this is adequate to support a finding of jurisdiction, "notwithstanding [a] contrary presentation by the moving party."  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

### C.    Rule 12(b)(6)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*,

922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

III.    **Discussion**

   A.    **Feinstein Has Not Demonstrated that Four Seasons Is Subject to Personal Jurisdiction in California.**

Whether a federal court can exercise personal jurisdiction over a non-resident defendant turns on two independent considerations: whether an applicable state rule or statute permits service of process on the defendant, and whether the assertion of personal jurisdiction comports with constitutional due process principles. *See Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). California's long-arm statute extends jurisdiction to the limits of constitutional due process. *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996); Cal. Code. Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"). Consequently, when service of process has been effected under California law, the two prongs of the jurisdictional analysis collapse into one—whether the exercise of jurisdiction over the defendant comports with due process. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperative*, 103 F.3d 888, 893 (9th Cir. 1996); *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over a defendant who has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction," which arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum have given rise to the claim in question. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997).

### 1.   General Jurisdiction

General jurisdiction allows a court to hear any and all claims against a defendant regardless of whether the claims relate to the defendant's contacts with the forum state.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("[A] finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities in the world.").  For general jurisdiction to exist, a defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum[.]"  *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  In the case of a corporation, "[t]he paradigmatic locations where general jurisdiction is appropriate . . . are its place of incorporation and its principal place of business."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (internal citation omitted).  "Only in an 'exceptional case' will general jurisdiction be available anywhere else."  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Feinstein does not contend that Four Seasons is subject to general jurisdiction in California.  Indeed, in the First Amended Complaint, Feinstein alleges that Four Seasons "is a Canadian corporation with its headquarters located in Toronto, Ontario, Canada."  FAC, ¶ 8.  Therefore, Four Seasons is not a resident of California.  Moreover, the First Amended Complaint is devoid of any allegations that suggest that Four Seasons' contacts with California "are so continuous and systematic as to render [it] essentially at home" in the state.  *Daimler*, 571 U.S. at 138–39 (internal quotation marks and citation omitted).  In addition, there is nothing about this case that would suggest it is an exceptional case that would justify finding general jurisdiction outside of Four Seasons' place of incorporation and principal place of business.  *See Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1137–38 (S.D. Cal. 2016).  Accordingly, the Court concludes that the Four Seasons is not subject to general jurisdiction in California.

### 2.   Specific Jurisdiction

For a court to exercise specific jurisdiction, the plaintiff's suit must arise out of or relate to the defendant's contacts with the forum.  *Bristol-Meyers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1778 (2017).  The Ninth Circuit applies a three-prong test to determine whether a court has specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).  A plaintiff bears the

burden of establishing the first two prongs.  *Schwarzenegger*, 374 F.3d at 802.   If the plaintiff fails to satisfy either of the first two prongs, then personal jurisdiction over the defendant does not lie in the forum state.  *Id.*  If the plaintiff succeeds on the first two prongs, then the defendant must present a compelling case as to why exercising jurisdiction would be unreasonable.  *Id.*

For purposes of this Motion, the Court will assume that the first prong of the specific jurisdiction test, purposeful direction or purposeful availment, is satisfied by Four Seasons' business presence in California.  Thus, the Court will focus its attention on the second prong of the specific jurisdiction test.

To satisfy the second part of the specific jurisdiction test, a plaintiff's claims must "arise[ ] out of or relate[ ] to the defendant's forum-related activities."  *Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit applies a "but for" test to determine forum-related conduct.  *Fiore*, 688 F.3d at 582. Therefore, a plaintiff must demonstrate that it would not have suffered its alleged injuries in the forum state but for the defendant's actions.  *Id.*

In this case, Feinstein alleges that personal jurisdiction over Four Seasons exists because "but for" Four Seasons' management of "North Americans hotels in" California, he would "not have been able to book rooms with Four Seasons," and would not have had his personal identifying information, including his credit and debit card information, "compromised and exposed" in the Sabre Incident."  FAC, ¶ 11.  However, Feinstein does not allege any facts to support his conclusory and speculative allegation.  *Maxwell v. McLane Pacific, Inc.*, 2017 WL 8186756, *5 (C.D. Cal. Apr. 21, 2017) (holding that merely conclusory allegations do not support a finding of personal jurisdiction).

In addition, even if he had adequately pled facts to support his conclusory and speculative jurisdictional allegation, Feinstein still would not be able to establish specific jurisdiction because Feinstein's claims do not arise from Four Seasons' activities in managing the seven California properties, but from the Sabre Incident, which is wholly unrelated to Four Seasons' management activities.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003) ("Contacts with a forum state are relevant for purposes of specific jurisdiction only if they are sufficiently related to the cause of action").  Feinstein's alleges nothing more than generalized business dealings by Four Seasons in California and fails to allege any facts establishing a direct nexus between Four Seasons' alleged California activities and his claims.  *See, e.g., Sullivan v. Ford Motor Co.*, 2016 WL 6520174, *3 (N.D. Cal. Nov. 3, 2016) ("[G]eneralized allegations of business dealings in a state" are not sufficient to satisfy the "Ninth Circuit's test and confer specific jurisdiction over an out-of-state defendant").  As the court held in *Grokster*, 243 F. Supp. 2d at 1085, "[a]ll corporate contacts are, in some sense, intended to further corporate purposes.  But no court has held that this fact dispenses with the relatedness analysis."

Feinstein alleges that Four Seasons' conduct gives rise to his claims because "Four Seasons entrusted Sabre with its customers' [personal identifying information] without ensuring that Sabre had in place a reasonable and adequate system of security procedures and practices to protect the [personal identifying information] of [Feinstein] . . . from being compromised."  FAC, ¶ 29.  However, Feinstein does not allege that Four Seasons entrusted Sabre with his information in California, that any security-related conduct of Four Seasons occurred in California, or that any aspect of Four Seasons' alleged relationship with Sabre involved California.  Accordingly, the

Initials of Deputy Clerk  _sr_

required connection or nexus between Feinstein's claims resulting from the Sabre Incident and Four Seasons' activities in California is missing, which is fatal to Feinstein's argument. *Sullivan*, 2016 WL 6520174, *3 (holding that specific jurisdiction was not established where although the plaintiff "claims that Ford 'defectively designed and manufactured the Ford truck, as well as the component parts associated with said truck, and that Plaintiff suffered catastrophic injuries as a result,' he does not allege that Ford took those actions in California").

Therefore, the Court concludes that it does not have personal jurisdiction over Four Seasons.[4]

## B. Leave to Amend

Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Feinstein to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").  "Leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quotations and citations omitted).  In this case, Feinstein has already had an opportunity to conduct discovery and amend his Complaint.  Although Feinstein requests leave to amend, other than stating that he would allege that he booked a room at a Four Seasons' California property and that he would attach a Notice of Data Breach publicly disclosing the Sabre Incident and Four Seasons' Privacy Policy to an amended complaint, Feinstein fails to explain what new allegations he would add that would change the Court's conclusion that Feinstein's claims do not arise out of Four Seasons' forum-related activities, and, therefore, amendment would be futile.

Accordingly, the Court declines to grant leave to amend.

## IV. Conclusion

For all the foregoing reasons, Four Seasons' Motion is **GRANTED**, and this action is **DISMISSED** without leave to amend.[5]  Feinstein's request to amend his First Amended Complaint is **DENIED**.

IT IS SO ORDERED.

---

[4]  Because the Court concludes that Feinstein has failed to satisfy the second prong of the specific jurisdiction test, the Court need not decide whether exercising jurisdiction would be unreasonable.

[5]  Because the Court concluded that it does not have personal jurisdiction over Four Seasons, it need not address Four Seasons' arguments with respect to Article III standing or Feinstein's failure to state a claim.

Initials of Deputy Clerk _sr_