FILED

MAY 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD FEINSTEIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>FOUR SEASONS HOTELS LIMITED, a Canadian corporation; DOES, 1 to10, inclusive,<br><br>        Defendants-Appellees. | No.   18-56225<br><br>D.C. No.<br>2:18-cv-03351-JFW-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 16, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Edward Feinstein appeals the district court's order granting Four Seasons Hotels Limited's ("Four Season's") motion to dismiss for lack of personal jurisdiction and denying Feinstein leave to file a second amended complaint. We review a district court's grant of a motion to dismiss de novo, and a denial of leave to amend for an abuse of discretion. *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1141 (9th Cir. 2015). We affirm the district court's order.

Four Seasons, headquartered in Canada, owns or manages over 100 properties across the world. Seven properties are in California. Four Seasons partners with Sabre Hospitality Solutions SynXis Centre Reservations System ("Sabre"), a third-party electronic booking platform through which users make reservations with hotels and travel agencies. In 2017, Sabre discovered that an unauthorized party had accessed information about a subset of reservations processed through its system. The breach did not compromise any reservations made through Four Seasons' website, with its main reservation office, or with any of its hotels directly.

Afterwards, counsel in this case filed a putative class action against Sabre related to the data breach, which was dismissed with prejudice. *See Smith v. Sabre Corp.*, No. 2:17-cv-05149-SVW-AFM (C.D. Cal. Jan. 23, 2018) (ECF 36). Counsel also filed suits against several hotels affiliated with Sabre alleging the

breach violated various state laws, which were later dismissed either by court order or by plaintiffs voluntarily. *See Jackson v. Loews Hotels, Inc.*, No. 5:18-cv-00827-DMG-JC, 2019 WL 2619656 (C.D. Cal. Jan. 4, 2019); *Balsamo v. Kimpton Hotel & Rest. Grp., LLC*, No. 2:18-cv-03356-R-GJS (C.D. Cal. July 13, 2018) (ECF 14); *Cruz v. Two Rds. Hosp. LLC*, No. 2:18-cv-03357-MWF-MRW (C.D. Cal. Aug. 31, 2018) (ECF 19); *Hsiao v. SBE ENT Holdings, LLC*, No. 2:18-cv-03358-JAK-AS (C.D. Cal. Sept. 14, 2018) (ECF 23).

Plaintiff Edward Feinstein, a citizen and resident of California, then filed a putative class action suit against Four Seasons on behalf of himself and all similarly situated residents "who have made a booking at any of [Four Seasons'] hotels" during the data breach period, alleging violations of state laws related to the Sabre breach. Four Seasons moved to dismiss on several grounds, including lack of personal jurisdiction. Without waiting for a ruling from the district court, Feinstein filed an amended complaint, alleging that but for Four Season's "business activities as a 'manager of North American hotels' within the State of California," he and other class members would not have been able to book Four Seasons rooms.

Feinstein fails to bear his burden of showing that jurisdiction is appropriate. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

On appeal, Feinstein appears to acknowledge the insufficiency of the allegations in his first amended complaint, describing to the district court allegations he would add to the complaint and arguing that "he should be able to save his complaint" by amending yet again.

The district court did not err in dismissing Feinstein's complaint without leave to amend.  *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017).  Even his proposed second amended complaint would not allege sufficient facts to support personal jurisdiction.  *See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).[1]

**AFFIRMED.**

---

[1] Feinstein's motion for judicial notice [DE 15] of materials that were publicly available since 2011 is **DENIED.**  *See Jesperson v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006).